UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VIKKI CASH

                Plaintiff

vs

COUNTY OF ERIE
ERIE COUNTY SHERIFF'S DEPARTMENT
SHERIFF PATRICK GALLIVAN
MARCHON C. HAMILTON

                Defendants

**NOTICE OF REMOVAL OF ACTION (28 U.S.C. §1441(b))
Federal Question**

Civil Docket No.

---

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§1441(b) and 1446, Defendants County of Erie, Erie County Sheriff's Department and Sheriff Patrick Gallivan hereby remove to this Court the civil action filed in the Supreme Court of the State of New York, County of Erie, as described below.

On December 10, 2003, Plaintiff, VIKKI CASH, filed a civil action entitled, Vikki Cash v. County of Erie, Erie County Sheriff's Department, Sheriff Patrick Gallivan, and Marchon C. Hamilton, Case Index Number:I 2003-12488, in the Supreme Court for the State of New York, County of Erie.

On or about March 2, 2004, Defendants County of Erie, Erie County Sheriff's Department, and Sheriff Patrick Gallivan were served with a Summons and Complaint. Copies of all relevant process and pleadings in this state court action are attached hereto as **Exhibit "A"**.

No further proceedings have been had in the state court action. Plaintiff's Complaint alleges constitutional violations under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988.

Accordingly, this Court has original jurisdiction over the state court action under 28 U.S.C. §1331 (federal question) because it is a civil action that arises under the Constitution, laws, or treaties of the United States.

No previous application has been made for the relief requested herein.

Dated: March 19, 2004

FREDERICK A. WOLF, Erie County Attorney
Attorney for the County of Erie, Erie County
Sheriff's Department, and Sheriff Patrick Gallivan

By: /S/   John S. Cipolla
JOHN S. CIPOLLA,
Assistant County Attorney
69 Delaware Avenue, Suite 300
Buffalo, New York 14203
Telephone: 716-858-2200
E-mail: jcipolla@erie.gov

To: Robert H. Perk, Esq.
Johnnie L. Cochran, Esq.
Attorneys for the Plaintiff
995 Elmwood Avenue
Buffalo, New York   14222
Telephone: 716-883-0355

## CERTIFICATE OF SERVICE

The undersigned, who is over 18 years of age and not a party to this action, hereby certifies that on March 19, 2004, she caused a true and correct copy of the foregoing Notice of Removal to be served upon the plaintiff in this action by causing the same to be delivered via first class mail/ postage prepaid to her attorneys at the following addresses:

>Robert H. Perk, Esq.
>Johnnie L. Cochran, Esq.
>Attorneys for the Plaintiff
>995 Elmwood Avenue
>Buffalo, New York   14222
>Telephone: 716-883-0355

Dated: Buffalo, New York
       March 19, 2004

>/S/   Barbara Fasolino
>Barbara Fasolino

# Exhibit "A"

STATE OF NEW YORK
SUPREME COURT
COUNTY OF ERIE

---

VIKKI CASH

    Plaintiff

VS.

COUNTY OF ERIE
ERIE COUNTY SHERIFFS DEPARTMENT
SHERIFF PATRICK GALLIVAN
MARCHON C. HAMILTON

    Defendants

---

FILED
DEC 10 2003
ERIE COUNTY
CLERK'S OFFICE

SUMMONS
Served with Complaint

Index No. I2003-12488

To the above named Defendant(s):

YOU ARE HEREBY SUMMONED AND REQUIRED to serve upon the Plaintiff's attorney, at the address stated below, a written Answer to the attached Complaint.

If this Summons is served upon you within the State of New York by personal service you must respond within **Twenty (20)** days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York you must respond within **Thirty (30)** days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation stated above a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

This action is brought in the County of Erie because of:

__X__ Plaintiff's residence, or place of business;

_____ Defendant's residence;

DATED: BUFFALO, NEW YORK
December 10, 2003 at

Erie County Attorney's Office
from Marie Lukasiewicz on the
2nd day of March, 2004
at 11:10 a.m. _____ p.m.

_Gregory P. Kammer_
Assistant County Attorney

Robert B. Perk
Attorneys for Plaintiffs
995 Elmwood Avenue
Buffalo, New York 14222
(716) 883-0355

STATE OF NEW YORK
<u>SUPREME COURT:  COUNTY OF ERIE</u>

VIKKI CASH

        Plaintiff

vs.                                          COMPLAINT
                                              INDEX NO.: I 2003-12488

COUNTY OF ERIE
ERIE COUNTY SHERIFFS DEPARTMENT
SHERIFF PATRICK GALLIVAN
MARCHON C. HAMILTON

        Defendants

    Plaintiff, above named by her Attorneys, JOHNNIE L. COCHRAN, JR. and ROBERT H. PERK, as and for her complaint against the above named defendants, alleges as follows:

    1.    That at all times hereinafter mentioned plaintiff, VIKKI CASH was and is a resident of the County of Erie and State of New York.

    2.    Upon information and belief, at all times hereinafter mentioned defendant, COUNTY OF ERIE, was and is a duly organized Municipal Corporation existing under and by virtue of the laws of the State of New York.

    3.    Upon information and belief, at all times hereinafter mentioned the defendant, ERIE COUNTY SHERIFFS DEPARTMENT was organized, operated and controlled by defendant, COUNTY OF ERIE and defendant, COUNTY OF ERIE, owned, operated and/or controlled the facility commonly known as the Erie County Holding Center located in the City of Buffalo.

    4.    Upon information and belief, at all times hereinafter mentioned the defendant, PATRICK GALLIVAN, was and is the Sheriff

of the County of Erie and a resident of the County of Erie and State of New York.

5. Upon information and belief at all times hereinafter mentioned defendant, MARCHON C. HAMILTON, was and is a resident of the County of Erie and State of New York.

6. Upon information and belief, at all times hereinafter mentioned defendant, MARCHON C. HAMILTON, was an employee of the defendant, COUNTY OF ERIE and worked at the Erie County Holding Center and acted as an agent, servant and/or employee of the defendant, COUNTY OF ERIE.

7. Upon information and belief, at all times hereinafter mentioned defendant, MARCHON C. HAMILTON, was acting within the scope of his employment with the defendant, COUNTY OF ERIE.

8. Upon information and belief, at all times hereinafter mentioned defendant, MARCHON C. HAMILTON, was an employee of defendant ERIE COUNTY SHERIFFS DEPARTMENT and worked at the Erie County Holding Center and acted as an agent, servant and/or employee of the defendant, ERIE COUNTY SHERIFFS DEPARTMENT.

9. Upon information and belief, at all times hereinafter mentioned the defendant, MARCHON C. HAMILTON, was acting within the scope of his employment with the defendant, ERIE COUNTY SHERIFFS DEPARTMENT.

10. Upon information and belief at all times hereinafter mentioned defendant, MARCHON C. HAMILTON, acted under the direction, supervision and control of defendant, SHERIFF PATRICK GALLIVAN.

11. That on or about the 13th day of March, 2003 a Notice of Claim was duly served upon the defendant, COUNTY OF ERIE pursuant to General Municipal Law Section 50-e.

12. More than thirty (30) days have elapsed since service of such Notice of Claim and adjustment and/or payment has been neglected and/or refused.

13. That on or about the 13th day of March, 2003 a Notice of Claim was duly served upon the defendants, ERIE COUNTY SHERIFFS DEPARTMENT and SHERIFF PATRICK GALLIVAN pursuant to General Municipal Law Section 50-e.

14. More than thirty (30) days have elapsed since service of such Notice of Claim and adjustment and/or payment has been neglected and/or refused.

15. That this action falls within one or more of the exceptions set forth in CPLR Section 1602 including CPLR §1602(5), (7), and (11) and as such all named defendants are jointly and severally liable to the plaintiff herein.

AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANTS, COUNTY OF ERIE,
ERIE COUNTY SHERIFFS DEPARTMENT,
SHERIFF PATRICK GALLIVAN,
MARCHON C. HAMILTON
<u>PLAINTIFF STATES AS FOLLOWS:</u>

16. Plaintiff repeats and realleges each and every allegation contained within paragraphs "1" through "15" of this Complaint with the same force and effect as if fully set forth hereinafter.

17. That on or about December 17, 2002 defendant, MARCHON C. HAMILTON, an employee of defendant, COUNTY OF ERIE and ERIE COUNTY SHERIFFS DEPARTMENT while acting under color and pretense of law, by his actions and/or omissions to act, did place plaintiff, VIKKI

CASH in imminent fear of immediate offensive physical contact and did assault, sexually assault, rape and otherwise subject plaintiff to physical contact and did assault and batter plaintiff and/or aided or acquiesced in such actions taken against the plaintiff.

18. That the aforesaid use of force by said defendant and rape and sexual assault of plaintiff was unwarranted and/or unjustified and/or unnecessary and/or legally unauthorized and was an excessive use of force and violence.

19. That by reason of the aforesaid mentioned actions or omissions to act of defendants the plaintiff VIKKI CASH was deprived of her liberty and her right to be secure in her person as guaranteed under the Constitution of the United States of America and the Constitution of the State of New York together with 42 U.S.C. §1983, all to the damage and detriment of plaintiff VIKKI CASH.

20. That as a result of the foregoing the plaintiff VIKKI CASH, was damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction in this matter.

21. That, upon information and belief, the above described acts of defendant, MARCHON L. HAMILTON was wanton, reckless and/or malicious.

22. By reason of the wanton, reckless and/or malicious acts of defendant, MARCHON C. HAMILTON, plaintiff demands punitive damages from defendant, MARCHON C. HAMILTON in such sum as the trier of fact herein shall determine.

AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS COUNTY OF ERIE,
ERIE COUNTY SHERIFFS DEPARTMENT,
SHERIFF PATRICK GALLIVAN,
AND MARCHON C. HAMILTON,
<u>PLAINTIFF STATES AS FOLLOWS:</u>

23. Plaintiff repeats and realleges each and every allegation contained within paragraphs "1" through "22" of this Complaint with the same force and effect as if fully set forth hereinafter.

24. That on or about the 17th day of December, 2002 while at the premises commonly known as the Erie County Holding Center the defendant, MARCHON C. HAMILTON, while acting in the scope of his employment with defendant, COUNTY OF ERIE and ERIE COUNTY SHERIFFS DEPARTMENT did intentionally, knowingly and willfully place the plaintiff in imminent fear of immediate offensive physical contact.

25. That as a result of the foregoing the plaintiff sustained conscious pain and suffering, anxiety, terror and fear of death in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction in this action and the amount of such damages are to be fixed by the trier of fact.

AS AND FOR A THIRD CAUSE OF ACTION
AGAINST DEFENDANTS COUNTY OF ERIE,
ERIE COUNTY SHERIFFS DEPARTMENT,
SHERIFF PATRICK GALLIVAN,
AND MARCHON C. HAMILTON
<u>PLAINTIFF ALLEGES:</u>

26. Plaintiff repeats and realleges each and every allegation contained within paragraphs "1" through "25" of this Complaint with the same force and effect as if fully set forth hereinafter.

27. That on or about December 17, 2002, Plaintiff, VIKKI CASH while being held at the Erie County Holding Center was injured and sustained damages as a result of the carelessness, recklessness and

negligence of defendants, COUNTY OF ERIE, ERIE COUNTY SHERIFFS DEPARTMENT, SHERIFF PATRICK GALLIVAN, their agents, servants employees and/or others for whom they are responsible including defendant, MARCHON C. HAMILTON.

28. That the aforesaid incident, injuries, damages to plaintiff, VIKKI CASH were sustained and caused by reason of the negligence, carelessness, recklessness, and/or intentional acts of the defendants without the fault of plaintiff contributing thereto, and amongst other acts of negligence, carelessness, recklessness or intentional acts:

a) Failed to provide a proper and safe facility to house plaintiff, VIKKI CASH.

b) Overcrowding the Erie County Holding Center in violation of law.

c) Failing to properly train and/or supervise employees of the:

i) Erie County Holding Center;

d) Failing to properly discipline its employees, train and or supervise them.

e) Deprived plaintiff of her liberty and right to be secure in her person as guaranteed under the Constitution of the United States of America and the Constitution of the State of New York together with 42 U.S.C. §1983, 42 U.S.C. 1985, 42 U.S.C. 1988 all to the damage and detriment of plaintiff, VIKKI CASH.

f) By their acts or omissions to act, negligently caused injuries to the plaintiff, VIKKI CASH and negligently caused her physical injuries, conscious pain and suffering, terror and horror.

g) Causing the Erie County Holding Center to be in an unsafe and dangerous condition, despite having actual and/or written notice of its overcrowded condition.

h) Failing to provide proper facilities to house and guard plaintiff, a female prisoner.

i) Negligently failed to properly supervise and monitor plaintiff, VIKKI CASH.

j) By their acts or omissions to act, negligently caused injuries to the plaintiff and negligently caused her physical injuries, conscious pain and suffering, terror, fear, trauma and emotional distress.

k) Failed to have proper rules, regulations and/or protocols in place regarding the transportation of prisoners, failing to keep male deputies from being alone with female inmates, failing to have female deputies present at all times with female inmates.

l) Causing the Erie County Holding Center to be in an unsafe and dangerous condition, despite having actual and/or written notice of its overcrowded condition.

m) Failing to provide proper facilities to house plaintiff and other female inmates, and allowing male deputies to be alone with female inmates.

n) Otherwise act in a careless, reckless and negligent manner.

29. That as a result of the foregoing the plaintiff VIKKI CASH sustained conscious pain and suffering, emotional distress, horror, various and diverse physical injuries, anxiety, terror, fear and physical injury in a sum which greatly exceeds the

jurisdictional limits of all lower Courts which would otherwise have jurisdiction in this action, and the amount of such damages are to be fixed by the trier of fact.

30. That, upon information and belief, the above described acts and/or omissions of defendant, MARCHON C. HAMILTON, were wanton, reckless and/or malicious.

31. By reason of the wanton, reckless and/or malicious acts of defendant, MARCHON C. HAMILTON, plaintiff demands punitive damages against Defendant, MARCHON C. HAMILTON in such sum as the trier of fact herein shall determine.

AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST DEFENDANTS, COUNTY OF ERIE,
ERIE COUNTY SHERIFFS DEPARTMENT
AND SHERIFF PATRICK GALLIVAN
<u>PLAINTIFF ALLEGES:</u>

32. Plaintiff repeats and realleges each and every allegation contained within paragraphs "1" through "31" of this Complaint with the same force and effect as if fully set forth hereinafter.

33. Upon information and belief, defendants, COUNTY OF ERIE, ERIE COUNTY SHERIFFS DEPARTMENT and SHERIFF PATRICK GALLIVAN, their agents, servants, employees and others for whom they are responsible were grossly negligent and deliberately indifferent with regards to the constitutional and statutory rights of plaintiff, VIKKI CASH herein adopting an informal municipal policy authorizing the aforementioned improper conduct of defendants, after prior notice of similar type of conduct which acts or omissions were performed under color and pretense of law to wit: under color of the statutes, customs, and usages of the State of New York and County of Erie, and which acts and omissions were a

substantial factor in causing the aforesaid mentioned violation of plaintiff, VIKKI CASH'S constitutional rights and 45 USC §1983 all to the damage and detriment of plaintiff, VIKKI CASH.

34. That as a result of the foregoing plaintiff, VIKKI CASH has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction in this action.

WHEREFORE, Plaintiff demands Judgement against defendants as follows:

i) On each cause of action against the defendants damages in an amount which shall be determined by the trier of fact.

ii) On the First, Second and Third Causes of Action, Punitive damages, against defendant, MARCHON C. HAMILTON.

DATED: Buffalo, New York
December 10, 2003

Robert H. Perk
Johnnie L. Cochran, Jr.
Attorneys for Plaintiff
995 Elmwood Avenue
Buffalo, New York   14222