UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VIKKI CASH,

                              Plaintiff,

           -vs-                                        04-CV-0182C(F)

COUNTY OF ERIE,
ERIE COUNTY SHERIFF'S DEPARTMENT,
SHERIFF PATRICK GALLIVAN,
MARCHON C. HAMILTON,

                              Defendants.

---

In this action, plaintiff seeks compensatory and punitive damages against the County of Erie, the Erie County Sheriff's Department, former Sheriff Patrick Gallivan, and former Sheriff's Deputy Marchon Hamilton based on theories of liability for common law negligence and violation of her civil rights under 42 U.S.C. § 1983. The County, the Sheriff's Department, and defendant Gallivan have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking dismissal of the claims against them (Item 27). In response, plaintiff has filed a cross-motion for summary judgment seeking a ruling in her favor on those claims (Item 35). For the reasons that follow, defendants' motion is granted in part and denied in part, and plaintiff's cross-motion is denied.

## BACKGROUND

On December 17, 2002, while she was incarcerated in the "Alpha" segregation unit at the Erie County Holding Center, plaintiff was sexually assaulted by Deputy Hamilton.

Hamilton was hired by the Sheriff's Department in April 1989. He was working alone in the Alpha unit at the time of the incident involving plaintiff. Following an investigation, Hamilton was arrested and charged with third-degree rape under New York Penal Law § 130.25, an "E" felony. He was placed on suspension without pay as of January 13, 2003, and later resigned his position in June 2003 upon pleading guilty to the rape charge.

Plaintiff initiated this action on December 10, 2003 by filing a summons and complaint in New York State Supreme Court, Erie County. The case was removed to this court pursuant to 28 U.S.C. §§ 1441(b) and 1446 on the basis of original federal question jurisdiction under 28 U.S.C. § 1331 as a case arising under the Constitution and laws of the United States (*see* Item 1).

In her complaint, plaintiff claims that the rape occurred while Hamilton was acting within the scope of his employment by the County, and that the County–and the Sheriff–are liable for the resulting harm because, among other things, they negligently failed to properly train, supervise, or discipline Hamilton and other employees of the Holding Center. Plaintiff alleges that this conduct on the part of the County and the Sheriff resulted in the adoption of an "informal municipal policy" authorizing defendant Hamilton's deliberate indifference to plaintiff's constitutional rights, giving rise to liability for damages under both federal and state law.

After substantial discovery was conducted, the County defendants moved for summary judgment dismissing the claims against Erie County and Sheriff Gallivan on the ground that plaintiff has failed to come forward with sufficient evidence of municipal policy or personal involvement to establish municipal or supervisory liability under the applicable federal or state law standards. In response, plaintiff has filed a cross-motion (Item 35)

seeking summary judgment in her favor on the issues of municipal and supervisory liability. What follows constitutes the court's ruling on these motions.

## **DISCUSSION**

**I.    Summary Judgment**

Under Rule 56, summary judgment may be granted if the court determines that there are no genuine issues of material fact to be tried, and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  In considering a Rule 56 motion, the court's responsibility is not to resolve disputed issues of fact, but rather to assess whether there are any genuine issues of material fact to be tried, while resolving all ambiguities and drawing all reasonable inferences against the moving party.  *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986) (citing *Anderson*, 477 U.S. at 248; *see also Murvin v. Jennings*, 259 F. Supp. 2d 180, 185 (D.Conn. 2003).

An issue of material fact is regarded as genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  "As to materiality, the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*

The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. *See  Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995).  After discovery, if the party against whom summary judgment is sought "fails to

...

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); see also *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 884 (1990).

The County and defendant Gallivan make the following arguments in support of their motion for summary judgment:

1. There is insufficient evidence to support a claim under § 1983 of municipal liability on the part of the County, or supervisory liability on the part of the Sheriff.

2. The County and the Sheriff cannot be held vicariously liable for the negligent act of a Sheriff's Deputy committed while performing a criminal justice function.

3. The Sheriff's Department is not a separate entity subject to suit.

4. Punitive damages are not available against the County or the Sheriff.

Plaintiff argues in her cross-motion that based on the evidence produced during discovery, she is entitled to entry of summary judgment in her favor on her § 1983 and common law claims against the County and Gallivan.

These arguments are now addressed in turn.

## II. Municipal/Supervisory Liability Under Section 1983

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects or causes to be subjected, any . . . person within the jurisdiction [of the United States] to the deprivation of

any rights . . . secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983.  Although municipalities are considered to be "persons" within the meaning of § 1983, they may not be held liable for the tortious conduct of their employees based on a theory of *respondeat superior* or vicarious liability, *see Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978), or for mere negligence in oversight.  *City of Canton v. Harris*, 489 U.S. 378, 387 (1989)).  Municipalities may only be held liable for the conduct of their employees if the constitutional harm suffered was the result of an official policy or custom.  *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 122-23 (2d Cir. 1991) (citing *Monell*, 436 U.S. at 690, 694); *see also Fiacco v. City of Rensselaer*, 783 F.2d 319, 326 (2d Cir. 1986).

> Though this does not mean that the plaintiff must show that the municipality had an explicitly stated rule or regulation, a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.  The inference that a policy existed may, however, be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction, or evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges [of official misconduct] in violation of the complainants' civil rights.

*Ricciuti*, 941 F.2d at 123 (citations omitted).

A plaintiff may demonstrate "deliberate indifference" for the purpose of imposing municipal liability by showing that the need for more training or better supervision "is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  *Canton v. Harris*, 489 U.S. at 390.  "An obvious need may be demonstrated through proof of repeated complaints of civil rights violations; deliberate indifference may

be inferred if the complaints are followed by no meaningful attempt on the part of the municipality to investigate or to forestall further incidents." *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995) (citing *Ricciuti*, 941 F.2d at 123; *Fiacco*, 783 F.2d at 328).

In addition, a plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must show that the supervisor was personally involved in the alleged constitutional deprivation. *See Houghton v. Cardone*, 295 F. Supp. 2d 268, 276 (W.D.N.Y. 2003) (citing *Johnson v. City of Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)).

> Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to others' rights by failing to act on information indicating that unconstitutional acts were occurring.

*Houghton v. Cardone*, 295 F. Supp. 2d at 276 (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

In this case, the evidence shows that on December 17, 2002, Deputy Hamilton was working alone in the Alpha segregation area of the Holding Center, where the female inmates were housed. There were no female deputies or matrons on duty, and there was no policy in place to prevent male deputies from walking in on female inmates unannounced, at any time. In fact, both Timothy Howard (then-Undersheriff) and H. McCarthy Gipson (then-Superintendent of the Holding Center) testified at their depositions that they believed it was appropriate for male deputies to walk in on female inmates and

observe them in various stages of undress, or using the toilet (Item 42, Ex. F, p. 64; Ex. E, p. 41).

In addition, defendant Gallivan testified at his deposition that during his tenure as Sheriff, he became aware of complaints made by other female inmates about sexual abuse or sexual assault by male deputies at the Holding Center, but he could not recall having taken any steps thereafter to address the problem (*see id.* at Ex. C, pp. 37-38, 55-56). When asked if he could give an estimate as to how many such complaints he received, Gallivan testified: "It's not more than a thousand. I don't care to estimate. I don't believe it would be more than twenty" (*id.* at Ex. C, p. 39).

Presented with these facts, a reasonable jury could find that at the time of the events complained of, the County had a policy or practice for housing and supervision of female inmates at the Holding Center which provided the opportunity for defendant Hamilton to be alone with plaintiff, with no other supervisors, deputies, or inmates present. These facts could also support a jury finding that responsible prison officials–including defendant Gallivan–had knowledge of this practice, and had knowledge of other complaints by female inmates that they were sexually assaulted by male deputies, yet took no corrective action.

Based on this analysis, and resolving all ambiguities and drawing all reasonable inferences in favor of plaintiff, the court concludes that genuine issues of material fact exist for trial on the issues of municipal and supervisory liability on the part of the County and the Sheriff for the unconstitutional conduct of defendant Hamilton. Accordingly, those defendants are not entitled to summary judgment dismissing the complaint against them.

By the same token, the court cannot conclude on the basis of the deposition testimony and other available evidence that plaintiff has established § 1983 liability on the part of these defendants as a matter of law. For example, defendant Gallivan's testimony provides no indication as to whether any of the other complaints of sexual harassment by deputies at the Holding Center were made prior to December 2002, at a time or under circumstances that would have provided the opportunity to investigate or forestall further incidents before defendant Hamilton's encounter with plaintiff. In addition, Gallivan testified that when such incidents are reported, the professional standards division of the Sheriff's Department ordinarily conducts an investigation into the matter and takes commensurate action (*see* Item 33, Ex. A, pp. 40-41).

Viewing this testimony in the light most favorable to defendants on plaintiff's cross-motion for summary judgment and drawing all reasonable inferences in defendants' favor in this regard, the court finds that genuine issues of material fact exist for trial with respect to plaintiff's claims that the County and Sheriff Gallivan failed to properly train or supervise deputies; had notice of charges of official misconduct but failed to investigate or take any meaningful corrective action; or otherwise displayed deliberate indifference to plaintiff's constitutional rights sufficient to find municipal liability on the part of the County, and supervisory liability on the part of defendant Gallivan, as a matter of law. Accordingly, plaintiff is not entitled to summary judgment on her § 1983 claims against the County and defendant Gallivan.

## II.     Municipal/Vicarious Liability for Common Law Negligence

The County and defendant Gallivan also seek summary judgment dismissing plaintiff's claims based on common law negligence, and plaintiff seeks summary judgment in her favor on these claims as well.

It is well established in New York that, absent a legislative assumption of responsibility,[1] a county cannot be held liable on the theory of *respondeat superior* for the negligent acts of either the Sheriff or Sheriff's deputies. *See Green v. Fulton County*, 123 A.D.2d 88, 89, 511 N.Y.S.2d 150, 151-52 (3d Dep't 1987); *see also Marashian v. City of Utica*, 214 A.D.2d 1034, 1034, 626 N.Y.S.2d 646, 647 (4th Dep't 1995).  It is equally well established that a Sheriff cannot be held vicariously liable for deputies' negligent acts committed while performing criminal justice functions, *see Barr v. Albany County*, 50 N.Y.2d 247, 257 (1980), and that "'guarding prisoners' in a county jail is a criminal justice function." *Trisvan v. County of Monroe*, 26 A.D.3d 875, 876, 809 N.Y.S.2d 369, 371 (4th Dep't 2006) (quoting *Wilson v. Sponable*, 81 A.D.2d 1, 4, 439 N.Y.S.2d 549, 551, *appeal dismissed*, 54 N.Y.2d 834 (1981)).

However, "a cause of action sounding in negligence is legally sustainable against a [municipality] when the injured party demonstrates that he was injured due to the negligent training and supervision of a law enforcement officer." *Barr v. Albany County*, 50 N.Y.2d 247, 257 (1980) (citing *Meistinsky v. City of New York*, 285 A.D. 1153, 140

---

[1] In a Resolution dated October 4, 1984, enacted pursuant to the authority of New York Public Officers Law § 18, the Erie County Legislature agreed "to indemnify and save harmless the officers and employees of the County of Erie from settlements or the entry of judgments upon claims arising while the officer or employee was acting within the scope of his public employment or duty . . . ," provided the claim did not arise "from intentional wrongdoing or recklessness on the part of the employee" (Item 28, Ex. N).

N.Y.S.2d 212 (2d Dep't 1955), *aff'd*, 309 N.Y. 998 (1956)).  As discussed above, genuine issues of material fact remain for trial with respect to whether the County and/or Sheriff Gallivan failed to properly train or supervise Deputy Hamilton.  Accordingly, defendants are not entitled to summary judgment dismissing plaintiff's negligence claim as a matter of law.

Likewise, these same factual issues preclude entry of summary judgment in favor of plaintiff on her common law negligence claims.  Plaintiff contends that she is entitled to summary judgment on her negligence claim against defendant Gallivan because he violated his non-delegable statutory duty to keep her safe, as specified in New York Correction Law § 500-c.[2]  However, even if this were the case, plaintiff would still be required to prove that the violation of the duty was a substantial factor in causing the injury suffered by plaintiff.  *See Arnold v. County of Nassau*, 89 F. Supp. 2d 285, 296-302 (E.D.N.Y. 2000), *vacated on other grounds*, 252 F.3d 599 (2d Cir. 2001).  Based on the record presented, the court cannot find that there is no genuine issue for trial in this regard.  Accordingly, plaintiff is not entitled to judgment as a matter of law on her negligence claim against the County and defendant Gallivan.

## III.   Sheriff's Department

Defendants also seek dismissal of the complaint against the Erie County Sheriff's Department on the ground that under Article III, section 307, and Article XV of the Erie County Charter, the Sheriff's Department is an administrative unit of the County of Erie and

---

[2] New York Correction Law § 500-c provides that, subject to certain exceptions, "the sheriff of each county shall have custody of the county jail of such county . . . ," N.Y. Correct. Law § 500-c(1), and "shall receive and safely keep in the county jail of his county each person lawfully committed to his custody . . . ." *Id.* at § 500-c(4).

-10-

it is not a separate legal entity subject to suit. Plaintiff has not addressed this contention in her response.

Under New York law, a municipality's police department is considered to be an "administrative arm" of the municipality, with no legal identity separate and apart from the municipality itself. *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999); *see also Caidor v. M&T Bank*, 2006 WL 839547, at *2 (N.D.N.Y. March 27, 2006). Accordingly, the Erie County Sheriff's Department is not a legal entity possessing the capacity to be sued, and the claims against it must be dismissed. *Cf. Loria v. Town of Irondequoit*, 775 F. Supp. 599, 606 (W.D.N.Y. 1990).

### IV.     Punitive Damages

Finally, plaintiff's claim for punitive damages against the County and Sheriff Gallivan must also be dismissed. Punitive damages are not recoverable against municipalities or governmental officials sued in their official capacities. *See Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 262 (2d Cir.), *cert denied*, 520 U.S. 1211 (1997). While punitive damages are recoverable against governmental officials sued in their individual capacities when their conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others," *Smith v. Wade*, 461 U.S. 30, 56 (1983), *quoted in Greiner v. County of Greene*, 811 F. Supp. 796, 801 (N.D.N.Y. 1993), plaintiff has not brought this action against defendant Gallivan in his individual capacity. In light of the potential for prejudice to the defense, as well as the potential for creating a disqualifying conflict of interest for the county attorney, *see Tout v. County of Erie*, 1998 WL 683770, at *6 (W.D.N.Y. 1998) (citing *Dunton v. County of*

*Suffolk*, 729 F.2d 903, 907 (2d Cir.) (joint representation of municipalities and their employees presents possibility for disqualifying conflict of interest because "[a] municipality may avoid liability by showing that the employee was not acting within the scope of his official duties" and "[t]he employee, by contrast, may partially or completely avoid liability by showing that he was acting within the scope of his official duties"), *amended on other grounds*, 748 F.2d 69 (2d Cir. 1984)), the court declines to construe the complaint to allege an individual capacity claim against defendant Gallivan, or to give plaintiff the opportunity to amend the complaint in order to do so.

## **CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment (Item 27) is granted to the extent it seeks dismissal of the claims against the Erie County Sheriff's Department, and to the extent it seeks dismissal of plaintiff's punitive damages claim against the County and defendant Gallivan, and is denied in all other respects.

Plaintiff's cross-motion for summary judgment (Item 35) is denied.

A conference with trial counsel will take place at the chambers of the undersigned on Tuesday, August 28, 2007, at 10:30 a.m. to discuss a schedule for further proceedings in this case.

So ordered.

\s\   John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   July   10       , 2007
p:\opinions\04-182.jun20.07