```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
VIKKI CASH,
```

                                                Plaintiff,        Docket No.
                                                                                04-CV-0182 C(F)

-against-

COUNTY OF ERIE,                                       **REQUESTS TO**
ERIE COUNTY SHERIFF'S DEPARTMENT,        **CHARGE**
SHERIFF PATRICK GALLIVAN,
MARCHON E. HAMILTON,

                                                Defendants.
---------------------------------------------------------------X

## NYPJI

### General Instructions:

| | | |
|---|---|---|
| 1. | **1:20** | **Introduction** |
| 2. | **1:21** | **Principles stated** |
| 3. | **1:22** | **Falsus in Uno** |
| 4. | **1:23** | **Burden of Proof** |
| 5. | **1:24** | **Return to Courtroom** |
| 6. | **1:25** | **Consider only testimony and exhibits** |
| 7. | **1:37** | **Jury function** |
| 8. | **1:38** | **Court's function** |
| 9. | **1:40** | **Consider only competent evidence** |
| 10. | **1:41** | **Weighing testimony** |
| 11. | **1:92** | **Interested witnesses** |

1

12. **New York Correction Law §500-c** relating to Defendant GALLIVAN (modified).

There is no dispute that Plaintiff was lawfully committed to the Sheriff of Erie County at the time of her rape. And as Sheriff of Erie County, I instruct you that Defendant GALLIVAN had a non-delegable duty to keep Plaintiff safe as specified by New York Corrections Law §500-c. That law states in relevant part as follows:

> "Each Sheriff...shall have custody of the county jails and shall receive and safely keep...every person lawfully committed to his custody..."

If you find that Defendant GALLIVAN violated his non-delegable duty to keep Plaintiff safe and that this failure was a substantial factor in causing Ms. Cash's injury, then you shall find for Plaintiff.

13. **2:240    Negligent Training and Supervision** (modified to CASH case)

While generally an employer is not responsible for acts of an employee that are outside the scope of his employment, it has a duty to use reasonable care in the training and supervision of its employees to find out whether they are competent to do their work without danger of harm to others. This duty of reasonable care has two aspects. An employer fails in this duty where it knows that an employee has not been trained in a certain area of his job requirements that involve the safety of others or is inadequately trained and

the employer fails to use reasonable care to correct the lack of training and/or implement a program to supervise that employee so that no harm would befall another.

When the employer fails in its duty, it is liable for harm that results provided a reasonably prudent person would have foreseen the likelihood of injury to others by that employee. The employer is liable for any harm to other persons resulting from its employee's harmful act, even though the employee was not at the time acting within the scope of his authority. By reasonable care is meant that degree of care that a reasonably prudent employer would use under the same circumstances.

If you find: (1) that the Defendant COUNTY OF ERIE'S employee, MARCHON HAMILTON was not properly trained and/or supervised regarding the care, control and handling of female prisoners, and (2) that the improper training and supervision was a substantial factor in causing injury to Plaintiff, you will find that Defendant COUNTY OF ERIE was at fault. If, however, you find that Defendant MARCHON HAMILTON was properly trained and/or supervised or that the lack of training and/or supervision was not a substantial factor in causing injury to Plaintiff, then you find Defendant COUNTY OF ERIE was not at fault.

14. **2:10**      **Negligence defined**

15. **2:12**      **Foreseeability**

16. **2:70**      **Proximate cause**

| | | |
|---|---|---|
| 17. | **3:60** | **42 U.S.C. §1983** (modified w. no dispute of acting under color of State law) |
| | | (Unreasonable force, unreasonable search, cruel and unusual punishment) |
| 18. | **3:60.4** | **Monell Claim** (modified to read raped by a prison guard) (Deliberate indifference) |
| | | (Defendant's Erie County/Gallivan) |
| 19. | **2:277** | **General damages** |
| 20. | **2:280** | **Pain/suffering – loss of enjoyment of life** |
| 21. | **2:281** | **Life expectancy** |
| 22. | **2:284** | **Emotional distress** |

Dated:    New York, New York
          September 17, 2008

                                        Respectfully submitted,


                                        S/Derek Sells
                                        Derek Sells
                                        THE COCHRAN FIRM
                                        Attorneys for Plaintiff
                                        233 Broadway, 5th Floor
                                        New York, New York 10279
                                        (212) 553-9200


                                        S/Robert H. Perk
                                        ROBERT H. PERK, ESQ.
                                        Attorney for Plaintiff
                                        995 Elmwood Avenue
                                        Buffalo, New York 14222
                                        (716) 883-0355

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2008, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants in this case:

        Thomas F. Kirpatrick, Jr. Esq.
        Assistant County Attorney, of Counsel
        69 Delaware Avenue, Suite 300
        Buffalo, New York   14202

        S/Robert H. Perk
        Attorney for Plaintiff
        995 Elmwood Avenue
        Buffalo, New York 14222
        Telephone: (716) 883-0355
        E-mail address: Rperk78646@aol.com