UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VIKKI CASH,

                           Plaintiff,

v.

COUNTY OF ERIE,
ERIE COUNTY SHERIFF'S DEPARTMENT,
SHERIFF PATRICK GALLIVAN,
MARCHON C. HAMILTON,

                           Defendants.

_____

**REPORT AND RECOMMENDATION**

04-CV-0182(M)

## INTRODUCTION

Before me is plaintiff's motion for entry of a default judgment against defendant Marchon Hamilton [129].[1] By order of Hon. John T. Curtin [137], the motion has been referred to me for preparation of a Report and Recommendation. For the following reasons, I recommend that the motion be GRANTED, and that judgment be entered against defendant Hamilton in the amount of $650,000, consisting of $500,000 in compensatory damages and $150,000 in punitive damages.

## BACKGROUND

In this action, plaintiff seeks to recover damages under 42 U.S.C. §1983 for a December 17, 2002 incident in which she was assaulted and raped by defendant Hamilton, a

---

[1] Bracketed references are to CM-ECF docket entries.

guard at the Erie County Holding Center, while she was a pretrial detainee. On June 27, 2003 defendant Hamilton pled guilty to a charge of third degree rape in violation of N.Y. Penal Law §130.25(1), an "E" felony [59, pp. 1-2]. Although served with the Summons and Complaint, he never appeared in this action, and a certificate of default was entered on August 7, 2009 [127].

The other parties consented to proceed before a magistrate judge [53]. Following a three-day trial, on September 26, 2008 the jury returned a $500,000 verdict for compensatory damages in favor of plaintiff against defendant County of Erie [88]. They also found that defendant Gallivan was not liable. Id.

On March 10, 2009, I granted the County of Erie's motion for judgment notwithstanding the verdict, concluding that the evidence did not support a finding of deliberate indifference by the County [115]. Although plaintiff appealed that decision to the United States Court of Appeals for the Second Circuit [117-119], the appeal was withdrawn as premature, without prejudice to re-filing following entry of final judgment adjudicating all of plaintiff's claims against all parties [121]. This motion followed.

## ANALYSIS

**A.     The Merits of Plaintiff's Liability Claim Against Hamilton**

"Prior to entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment." Garden City Boxing Club, Inc. v. Giambra, 2004

WL 1698633, *1 (W.D.N.Y. 2004) (Skretny, J.). "Once default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages." Id.

Plaintiff's first cause of action alleges that plaintiff violated 42 U.S.C. §1983: "on or about December 17, 2002 [Hamilton], an employee of defendant COUNTY OF ERIE . . . while acting under color and pretense of law, by his actions and/or omissions to act, did place plaintiff . . . in imminent fear of immediate offensive physical contact and did assault, sexually assault, rape . . . plaintiff". Complaint [1, Ex. A], ¶17.

42 U.S.C. §1983 provides in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress". Plaintiff alleges that Hamilton was acting under color of state law. In order to allege a 42 U.S.C. §1983 violation, plaintiff must also identify a violation of her constitutional rights resulting from Hamilton's conduct. *See* Cohane v. Greiner, 2006 WL 625842, *5(W.D.N.Y. 2006) (Skretny, J.) ("On its own, Section 1983 does not provide a source of substantive rights, but rather, provides a method for vindicating federal rights conferred elsewhere in the federal statutes and the Constitution. . . . Accordingly, in reviewing claims brought pursuant to Section 1983, it is necessary to precisely identify the constitutional violations alleged."). Here, plaintiff alleges that by reason of

Hamilton's conduct she was "deprived of her liberty and her right to be secure in her person as guaranteed under the Constitution of the United States of America". Id. at ¶19.[2]

Whether punishment is cruel and unusual under the Constitution is "contextual and responsive to contemporary standards of decency". Hudson v. McMillian, 503 U.S. 1, 8 (1992). "A sexual assault on an inmate by a guard-regardless of the gender of the guard or of the prisoner-is deeply offensive to human dignity." Schwenk v. Hartford, 204 F. 3d 1187, 1197 (9th Cir. 2000).

Hamilton has pled guilty to third degree rape in violation of N.Y. Penal Law §130.25(1), which makes it a crime to engage "in sexual intercourse with another person who is incapable of consent by reason of some factor other than being less than seventeen years old". [59, pp. 1-2]. Because plaintiff was incarcerated, she lacked the ability to consent to engage in sexual intercourse with Hamilton as a matter of law. *See* N.Y. Penal Law §130.05(3)(f). Thus, even if Hamilton's defense was that the sexual intercourse with plaintiff was physically consensual, this may also constitute a constitutional violation. *See* Carrigan v. Davis, 70 F. Supp. 2d 448, 452-453 (D.Del. 1999) ("as a matter of law, that an act of vaginal intercourse

---

[2] As a pretrial detainee, plaintiff's claim arises under the Fourteenth Amendment instead of the Eighth Amendment. *See* Easton v. City of New York, 2009 WL 1767725, *4 (E.D.N.Y. 2009) ("Because Easton was a pretrial detainee, his excessive-force claim arises under the Fourteenth Amendment instead of the Eighth Amendment, which applies to excessive-force claims of convicted prisoners."). Nevertheless, "under the law of this circuit, 'the same standard of law' applies to both types of claims." Id.

and/or fellatio between a prison inmate and a prison guard, whether consensual or not, is a per se violation of the Eighth Amendment.").[3]

Plaintiff's second and third causes of action assert state law claims against Hamilton for assault and negligence. *See* Complaint [1, Ex. A], ¶24 (alleging that Hamilton "did intentionally, knowingly and willfully place the plaintiff in imminent fear of immediate offensive physical contact") and ¶27 (alleging that plaintiff "was injured and sustained damages as a result of the carelessness, recklessness and negligence" of Hamilton). Accepting these allegations as true, I find that the complaint sufficiently states causes of action against Hamilton for violating 42 U.S.C. 1983, assault and negligence.

**B.    The Merits of Plaintiff's Request for Damages Against Hamilton**

"Although a defendant, by defaulting, admits to all well-pleaded allegations pertaining to liability, the plaintiff nevertheless must provide evidence to substantiate its request for damages; it is within the Court's discretion to determine whether that burden has been met."

---

[3] *Compare with* Fisher v. Goord, 981 F. Supp. 140, 174 (W.D.N.Y. 1997) (Arcara, J.) (finding that "consensual sexual interactions between a correction officer and an inmate, although unquestionably inappropriate, and in this Court's view despicable, do not constitute cruel and unusual punishment under the Eighth Amendment", but noting that "it is now the law in New York that sexual relations of any kind between an inmate and a correction officer constitute statutory rape. N.Y. Penal L. § 130.05(3)(e). This law was not in effect, however, at the time of the alleged misconduct in this case. Indeed, the fact that it was necessary to enact such a law, combined with the lack of evidence of any prior prohibition, would indicate that, before the new law's passage, an inmate could, as a matter of law, consent to sexual relations with a correction officer.").

Joe Hand Promotions, Inc. v. James H. Collins, 2007 WL 3047081, *2 (E.D.N.Y. 2007). The court "may, but need not, make the determination through a hearing". Dollar Rapido, Inc. v. eCHEX International, Inc., 2006 WL 985630, *5 (E.D.N.Y. 2006).

Having heard the trial testimony concerning the circumstances of the rape and its effect upon plaintiff, I do not see the need for an additional hearing prior to determining an appropriate damage award.

### 1. Compensatory Damages

Plaintiff suggests that "the verdict that the jury returned in the amount of $500,000 provides the measure of past [compensatory] damages to which plaintiff is entitled" [129, p. 1]. I agree. Although a lesser verdict might have been possible,[4] I do not consider this amount to be so high as to shock the conscience of the court. "The emotional distress of the sexual abuse inflicted in this case is inevitably aggravated by the fact that the acts were committed by a jailor upon an inmate in his custody." Mathie, supra, 121 F. 3d at 814.

### 2. Punitive Damages

"Although a municipality itself is immune from a claim for punitive damages . . ., that immunity does not extend to a municipal official sued in his individual capacity." New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F. 3d 101, 122 (2d Cir. 2006). "Punitive damages are available in a section 1983 case when the defendant's conduct

---

[4] For example, in Mathie v. Fries, 121 F. 3d 808 (2d Cir. 1997), involving the rape of a male pretrial detainee by a prison guard, the court upheld an award of $250,000 in compensatory damages following a bench trial.

is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Mathie, supra, 121 F. 3d at 815.

In Mathie, involving (as here) the rape of a pretrial detainee by a prison guard, the court held that "the egregious, wanton and malicious nature of the acts committed . . . warrant the award of punitive damages." Id. For the same reason, I conclude that an award of punitive damages is warranted against defendant Hamilton.

However, plaintiff offers neither explanation nor justification in support of her request for "trebled punitive damages" of $1.5 million [129, p. 1]. Without in any way minimizing the atrocious nature of defendant Hamilton's conduct in this case, I note that the actions of the defendant in Mathie were perhaps even worse, involving repeated assaults over several weeks - including one in which the plaintiff was handcuffed to two vertical pipes while he was anally raped. While agreeing that defendant's conduct was "an outrageous abuse of power and authority" and that "a substantial punitive award was clearly merited" (121 F. 3d at 817), the Second Circuit concluded that the district court's punitive damages award of $500,000 was excessive, and that "the punitive damages award in this case may not exceed $200,000". Id. at 817.

Accordingly, I conclude that an appropriate punitive damages award in this case is $150,000.

**CONCLUSION**

For the foregoing reasons, I recommend that the motion be GRANTED, and that judgment be entered against defendant Hamilton in the amount of $650,000, consisting of

$500,000 in compensatory damages and $150,000 in punitive damages. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED: September 4, 2009

                                                     /s / Jeremiah J. McCarthy
                                                    JEREMIAH J. MCCARTHY
                                                    United States Magistrate Judge